# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CASEY BENDURE,<br><br>   Plaintiff,<br><br>v.<br><br>STAR TARGETS, JUSTIN HARDY, TLD INDUSTRIES LLC, CABELA'S WHOLESALE, INC., ROLLING THUNDER PYROTECHNIC, CORP. and MACRAFT USA, LLC<br><br>   Defendants. | CV 14-89-BLG-SPW-CSO<br><br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANTS ROLLING THUNDER PYROTECHNIC CORP. AND MACRAFT, USA |
| TDL INDUSTRIES LLC,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>ROLLING THUNDER PYROTECHNIC, CORP. and MACRAFT USA,<br><br>   Third-Party Defendants | |

Defendant/Third-Party Plaintiff TLD Industries, LLC ("TLD") has

filed a motion for leave to file an amended Third-Party Complaint

against Rolling Thunder Pyrotechnic Corp. ("Rolling Thunder") and

Macraft USA ("Macraft"). *ECF 77.* TLD's counsel, who also represents

all remaining Defendants, represents that Plaintiff Casey Bendure does not oppose the motion. *Id.* Rolling Thunder and Macraft have not appeared. For the reasons that follow, the Court will grant TLD's motion.

Because the November 9, 2015 deadline set in the Court's Scheduling Order (*ECF 72 at 2*) has not yet passed, Rule 15(a), Fed. R. Civ. P., governs whether the Court should permit TLD to amend its third-party complaint. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a), "Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.* at 607 (citation omitted). The Court concludes that none of these exceptions to permitting amendment applies.

First, there is no indication that Rolling Thunder or Macraft would suffer unfair prejudice as a result of the amendment that TLD seeks. Neither party has appeared, so neither has engaged in discovery or other pretrial proceedings.

Second, there is no evidence that TLD has acted with bad faith in seeking to amend. Rather, TLD seeks leave to amend, at least in part,

because the Court, in rejecting TLD's earlier attempt to secure default judgment against Rolling Thunder and Macraft, noted that it could not determine whether it has personal jurisdiction over Rolling Thunder and Macraft. *See ECF 67* (Findings and Recommendation) and *ECF 68* (Opinion and Order adopting Findings and Recommendation to deny TLD's motion for default judgment, with leave to review). TLD, in seeking leave to file an amended third-party complaint, seeks to establish the existence of the Court's personal jurisdiction over Rolling Thunder and Macraft. Thus, TLD is not acting in bad faith.

Third, nothing indicates that the amendment TLD seeks would be futile. TLD's proposed amended third-party complaint and the accompanying affidavit of Defendant Justin Hardy attempt to establish the Court's personal jurisdiction over Rolling Thunder and Macraft. *See ECF 78-1 and 78-2.*

Finally, there is no evidence that allowing TLD to amend would cause undue delay in the proceedings. This case has been pending for more than a year, and even though the Court recently put in place a Scheduling Order, the proceedings are still in their preliminary stages.

Allowing the amendment sought would not materially delay the matter further.

The Court is mindful that "[c]ourts are free to grant a party leave to amend whenever 'justice so requires', Fed. R. Civ. P. 15(a)(2), and requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Service*, 573 F.3d 962, 971 (9th Cir. 2009). Accordingly, and for all of the foregoing reasons, the Court concludes that the motion to amend should be granted.

Based on the foregoing, IT IS ORDERED that TLD's motion for leave to file an amended third-party complaint (*ECF 77*) is GRANTED. TLD shall promptly file its amended pleading.

DATED this 13th day of November, 2015.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge