IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CASEY BENDURE<br><br>    Plaintiff,<br><br>    vs.<br><br>STAR TARGETS, JUSTIN HARDY, TLD INDUSTRIES LLC, CABELA'S WHOLESALE, INC., ROLLING THUNDER PYROTECHNIC, CORP. and MACRAFT USA, LLC,<br><br>    Defendants.<br>_____<br>TLD INDUSTRIES LLC,<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>ROLLING THUNDER PYROTECHNIC, CORP. and MACRAFT USA,<br><br>    Third-Party Defendants. | CV 14-89-BLG-SPW-CSO<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES** |

Plaintiff Casey Bendure ("Bendure") filed this action claiming

that a target he was handling unexpectedly exploded causing him

injury.  *See Second Am. Cmplt. (ECF 20) at 4-5.*[1]  Against all remaining

Defendants,[2] he asserts claims of negligence (Count One), violation of

the Federal Hazardous Substances Act (Count Two), and strict liability

(Count Three).  *Id. at 5-12.*

Now pending is Bendure's Rule 37[3] motion to compel directed

against Defendant TLD Industries LLC ("TLD").  *Mtn. to Compel (ECF*

*75).*  Having considered the parties' arguments and submissions, the

Court will deny the motion.

## I.    **PERTINENT BACKGROUND**[4]

On June 20, 2014, Bendure served discovery requests on TLD.

On September 22, 2014, TLD responded, asserting work product

---

[1]"ECF" refers to the document as numbered in the Court's Electronic
Case Files.  *See The Bluebook, A Uniform System of Citation, § 10.8.3.*
References to page numbers are to those assigned by ECF.

[2]On Bendure's motion, the Court recently dismissed his claims
against Defendants Rolling Thunder and Macraft, without prejudice.
Opinion and Order (ECF 74) at 3.

[3]References to rules are to the Federal Rules of Civil Procedure
unless otherwise noted.

[4]The parties are familiar with this case's procedural and factual
background.  The Court repeats it here only as necessary for disposition
of the pending motion.

objections and providing a privilege log.  *Bendure's Opening Br. (ECF 76) at 2*; *TLD's Resp. Br. (ECF 79) at 2*.  TLD supplemented its responses on October 6, 2014, June 30, 2015, and September 29, 2015, when it provided a second privilege log.  *ECF 79 at 2*.

At issue now are Discovery Request Nos. 3, 4, 5, 6, 7, 11, and 12.  *ECF 76 at 8-12*.[5]  Bendure's discovery requests seek:  information concerning any investigations made respecting his claims; production of any reports, statements made or obtained, including audiotapes or transcription copies; and photographs generated as a result of events involved in this action.  *Id*.

Specifically, respecting Discovery Request Nos. 3, 4, 5, 6, and 7, TLD responded that it has no responsive information, statements, or photographs.  TLD added to each response, however, that it objects "to the identification or production of statements taken that constitute non-discoverable work product."  *Id*. at 10-12.

---

[5]Discovery Request Nos. 3, 5, and 11 are interrogatories. Discovery Request Nos. 4, 6, 7, and 12 are requests for production. *ECF 76 at 8-12*.

Respecting Discovery Request Nos. 11 and 12, TLD responded that the only investigation known to it is work done by its attorney, which information TLD asserted is "non-discoverable attorney work product." *Id. at 8-9.*

## II.   <u>SUMMARY OF PARTIES' ARGUMENTS</u>

Bendure seeks the Court's order compelling complete responses to his discovery requests arguing: (1) many of TLD's responses have been "incomplete and evasive[,]" *Bendure's Opening Brief (ECF 76) at 3*; (2) TLD's "non-discoverable work product" response to his discovery request seeking information regarding investigations TLD has done in relation to his claims in this case is inadequate because Bendure needs the information "to understand the defense that is to be proffered and to allow [him] to properly assess the merits of said defense[,]" *id.*; (3) work product is not automatically undiscoverable if the requesting party "has a substantial need for the materials in preparation of their case and is unable to obtain the materials by other means[,]" which is the case here, *id.*; (4) Bendure seeks only "ordinary work product[,]" which requests factual information, and does not seek opinions or strategic information, *id. at 4*; and (5) TLD's responses to Discovery

Request Nos. 3, 4, 5, 6, and 7 also are non-responsive because TLD both

states that the information sought does not exist but also objects on the

basis that the requests seek "non-discoverable work product[,]" arguing

that TLD will not supplement its responses if it determines that future

information also is non-discoverable work product, *id. at 4-5*.

In response, TLD argues that Bendure is improperly attempting

to discover TLD's attorneys' investigation materials and reports

prepared by their consulting experts. *TLD's Resp. Br. (ECF 79) at 3*.

TLD argues that it "has provided Bendure with every document in its

possession, custody, and control that is both (a) responsive and (b) not

protected." *Id*. Specifically, TLD argues that Bendure: (1) seeks non-

discoverable work product, *id. at 3-4*; (2) has provided no reason why

TLD's objections lack merit, *id. at 4*; (3) has "not attempt[ed] to

establish either that he has a substantial need for TLD's work product

or that he cannot obtain the information he seeks by other means

without undue hardship[,]" *id*.; (4) cannot establish either substantial

need or undue hardship in obtaining the information he seeks because:

(a) TLD has provided Bendure with "material data safety sheets

concerning the substances used in the targets, access to the targets,

and accompanying materials including instruction sheets[,]"; (b) he still possesses the targets and the substances used in them; (c) he was present at the accident scene, and is the one who used the product; (d) he is capable of conducting his own investigation of the facts and circumstances of the incident; and (e) he already has conducted his own investigation and has provided an expert report detailing his allegations about the product; *id. at 5-6*; (5) has not demonstrated that the information he seeks is information that he cannot get on his own, but rather he is improperly attempting to "free-rid[e]" on TLD's information, *id. at 6-7*; (6) improperly seeks consulting experts' reports, which are not discoverable under Rule 26(b)(4)(D), *id. at 8-9*; and (7) improperly seeks attorney work product, even though TLD has responded to Bendure that it is not aware of any documents responsive to his requests, but wishes "to preserve the work product objection in the event that it discovers – or creates – responsive information in the future . . . and not . . . waive the objection in the event that it becomes significant in the future[,]" *id. at 9*.

In reply, Bendure argues that: (1) TLD's privilege log contains documents that are discoverable and must be produced, including

documents concerning TLD's investigations into other claims done

outside of TLD's relationship with its current counsel, *Bendure's Reply*

*Br. (ECF 82) at 2*; (2) TLD must have done an investigation because a

warning addressing the specific issues involved here appeared in the

packaging of the explosives after the incident giving rise to this action,

*id. at 2-3*; (3) investigations conducted by TLD or its employees based

on complaints received either before or after Bendure's accident are not

covered by the attorney work product doctrine, *id. at 3*; (4) TLD's own

discovery responses indicate that investigations have occurred because

the privilege log it produced refers to correspondence concerning

investigations, *id.*; (5) Bendure is entitled to production of information

involving investigations in other cases in which TLD was involved with

a similar product, *id. at 4*; (6) TLD cannot use as an excuse the

argument that Bendure's requests are not specific enough, *id.*; (7)

Bendure has no other way to obtain information concerning

investigations done in other cases, *id. at 4-5*; (8) Bendure is prejudiced

by TLD's failure to properly participate in the discovery process

because he will be unable to properly address any defense TLD may

have, *id. at 5*; (9) Bendure has no way of knowing whether the current

product and the product available at the time of the incident giving rise to this action are the same, *id*.; and (10) the information he seeks is factual only and he is not seeking opinion or strategic information, *id. at 5-6*.

## III.  **LEGAL STANDARDS**

The Court has broad discretion to manage discovery.  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  The scope of permissible discovery is broad, but it is not unlimited.  Rule 26(b)(1) defines the scope as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

---

[6]This version of Rule 26(b)(1) became effective on December 1, 2015.  Bendure's motion to compel was fully briefed, and thus ripe for ruling, on November 24, 2015, nearly a week before that date.  Under

A party may move to compel discovery responses, as Bendure has done here, when the party disagrees with the objections interposed by the other party or wants to compel more complete answers. Fed. R. Civ. P. 37(a). The Federal Rules of Civil Procedure and this Court's Local Rules require that objections be stated with specificity, including the reasons, and whether any responsive materials are being withheld based on the objection. *See* Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) and (C); Local Rule 26.3(a)(2)-(3). Stating a bare objection is not sufficient to preserve the objection. *See Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D. D.C. 2009) (answers to discovery must be "true, explicit, responsive, complete, and candid").

Here, as noted, TLD responded to Discovery Request Nos. 3-7 by stating "None" to each, indicating that no responsive information exists. And, respecting both those discovery requests and Discovery Request Nos. 11 and 12, TLD's sole objection is that the information

---

Rule 86(a)(2)(B), the Court concludes that it is neither infeasible nor unjust to apply the recently-amended version of Rule 26(b)(1) to this case. In any event, the Court concludes that application of either version of Rule 26(b)(1) to Bendure's motion would yield the same result.

sought is non-discoverable attorney work product. *ECF 76 at 8-12.*

Work product protection is determined by federal law, even when the federal court sits in diversity. *Moe v.. System Transport, Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (*citing Mitchell Engineering v. City and County of San Francisco*, 2010 WL 1853493, *2 (N.D. Cal. 2010)). The work product doctrine protects from discovery documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). *Id.* (*citing* Fed. R. Civ. P. 26(b)(3)(A) and *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 292 (D. Mont. 1998)); *see also In re Grand Jury Subpoena (Torf)*, 357 F.3d 900, 906-07 (9th Cir. 2004). "But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A).

"At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he

can analyze and prepare his client's case." *U.S. v. Christensen*, 801

F.3d 970, 1010 (9th Cir. 2015) (*quoting U.S. v. Nobles*, 422 U.S. 225, 238

(1975)).  "[T]he purpose of the work product privilege is to protect the

integrity of the adversary process." *Id*. (*quoting Parrott v. Wilson*, 707

F.2d 1262, 1271 (11th Cir. 1983) and *Admiral Ins. Co. v. U.S.D.C.*

*(Ariz.)*, 881 F.2d 1486, 1494 (9th Cir. 1989) ("The conditional protections

afforded by the work-product rule prevent exploitation of a party's

efforts in preparing for litigation.")).

Work product falls into two categories.  "Ordinary work product

includes raw factual information, and can be discovered if a party

shows that it has substantial need for the material to prepare its case

and cannot, without undue hardship, obtain their substantial

equivalent by other means." *City of Glendale v. National Union Fire*

*Ins. Co.*, 2013 WL 1797308, \*15 (D. Ariz., April 29, 2013) (citations and

internal quotation marks omitted).  The other category is "opinion"

work product, which includes "mental impressions, conclusions,

opinions, or legal theories of a party's attorney or other representative

concerning the litigation." *Id*. (citations omitted).  "A party seeking

opinion work product must make a showing beyond the substantial

need/undue hardship test required under Rule 26(b)(3) for non-opinion work product." *Id.* (*quoting Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992)); *see also Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) ("opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud.") (citation omitted).

## IV.   DISCUSSION

### A.    Discovery Request Nos. 3, 4, 5, 6, and 7

Respecting Discovery Request Nos. 3-7, as noted, TLD responded "None" when asked whether it had any information about investigations, or reports, statements, or photographs generated as a result of events giving rise to this action. *ECF 76 at 10-12.* Ordinarily, that would end the matter. After all, TLD cannot produce what it does not have. *See, e.g., Zavala v. Rios*, 2015 WL 1236172, *4 (E.D. Cal., Mar. 17, 2015) (denying motion to compel production, even though plaintiff argued he needed certain material, where defendant responded that he did not have the requested material).

But here, TLD qualified its "None" response by also objecting "to the identification or production of [materials] that constitute non-discoverable work product." *ECF 76 at 10-12.* This qualification, in part, prompted Bendure's motion, and he now argues that if information becomes available in the future, TLD is required to supplement its responses.

In TLD's reply brief, however, it explicitly represents that it is not aware of any documents responsive to the requests. *ECF 79 at 9.* TLD further notes that its objection to the discovery requests was meant "to preserve the work product objection in the event that it discovers – or creates – responsive information in the future[.]" *Id.* And, TLD explains that it objected to Bendure's requests "out of an abundance of caution so as not to waive the objection in the event that it becomes significant in the future." *Id.*

In light of TLD's unequivocal representation that it has no materials responsive to Bendure's Discovery Request Nos. 3-7, the Court will deny Bendure's motion for an order compelling further responses. As noted, TLD cannot produce what it does not have. *Zavala*, 2015 WL 1236172, *4. And, the Court cannot attempt, as

-13-

Bendure urges, to rule now respecting the discoverability of material that may or may not exist in the future. Bendure's request and the bases for it are far too speculative to allow for a ruling at this time. The parties, of course, remain under a continuing duty to supplement or correct their disclosures and discovery responses under Rule 26(e). At this juncture in the proceedings, however, no issue respecting that duty, or a party's failure to comply with it, is before the Court.

B.    **Discovery Request Nos. 11 and 12**

Respecting Discovery Request Nos. 11 and 12, as noted, TLD responded that the only investigation known to it is work done by its attorney, which is "non-discoverable attorney work product." *ECF 76 at 8-9.* It further objects to revealing any information about the timing and substance of its attorney's reports because that information also is non-discoverable work product. *Id.* And, as noted, Bendure seeks the Court's order compelling production of the work product materials arguing both that he has a substantial need for the materials and that he is unable to obtain the materials by other means. *ECF 76 at 3.* The Court is not persuaded.

According to TLD, the only responsive information it has is that

generated by its attorney.  Bendure does not vigorously challenge the

notion that such material is attorney work product.  Rather, he argues

that he seeks only factual information, that he needs it, and that he has

no other way to obtain it.  Bendure's arguments, without more, are not

sufficient to establish a substantial need for the materials sought.

A "substantial need" for the material exists "where the

information sought is 'essential' to the party's defense, is 'crucial' to the

determination of whether the defendant could be held liable for the acts

alleged, or carries great probative value on contested issues." *National*

*Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105,

110 (S.D. N.Y. 2000) (citations omitted).  Here, Bendure has failed to

show that he has substantial need for the work product materials.  He

has neither argued nor shown that the material is essential to proving

his claims, crucial to demonstrate TLD's liability, or of great probative

value respecting either liability or damages.  *Compare Hooke v. Foss*

*Maritime Co.,*  2014 WL 1457582, * 6-7 (N.D. Cal. 2014).  Rather,

Bendure offers only his counsel's general argument that Bendure needs

TLD's work product to prepare Bendure's case and to understand TLD's

defense.  The Court concludes that Bendure has failed to meet his

burden of showing substantial need for the information.

Finally, the Court is not persuaded by Bendure's argument, raised for the first time in his reply brief, that TLD is in possession of investigative materials regarding this case and similar cases that predate initiation of this action, and that such materials are not work product. *ECF 82 at 2-3.* First, as the foregoing definition of work product indicates, the doctrine protects from discovery "documents and tangible things that are <u>prepared in anticipation</u> of litigation or for trial . . . ." *Moe*, 270 F.R.D. at 622 (citations omitted) (emphasis added). Work product is not merely that material prepared after initiation of litigation, but also material prepared in anticipation of there being litigation. Also, the only investigation report that is on the privilege log filed with Bendure's reply brief is an investigation report prepared by a consulting expert with respect to another claim. But Bendure does not specifically address this item in his reply brief or explain why it is not entitled to protection.

Second, Bendure's general argument that TLD has conducted other investigations not protected under the work product doctrine appears to be speculative and insufficient to warrant an order

compelling production.  TLD's counsel, like Bendure's, is an officer of

the Court.  Representations of TLD's counsel that TLD has no other

responsive materials must be accepted, absent evidence to the contrary.

### C.　Request for Rule 37(a)(5)(B) Fees

TLD has requested an award of fees incurred in responding to

Bendure's motion.  Rule 37(a)(5)(B) mandates that the Court "must,

after giving an opportunity to be heard, require the movant, the

attorney filing the motion, or both to pay the party … who opposed the

motion its reasonable expenses incurred in opposing the motion,

including attorney's fees."  It further provides that the Court "must not

order this payment if the motion was substantially justified or other

circumstances make an award of expenses unjust."  Here, the Court

concludes that, under the circumstances of the present motion and

briefing, an award of expenses would be unjust.

## V.　CONCLUSION

Based on the foregoing, IT IS ORDERED that:

(1) Bendure's motion to compel (*ECF 75*) is DENIED.

(2) TLD's request for fees and costs incurred in responding to
Bendure's motion is DENIED.

DATED this 9th day of December, 2015.

                                    /s/ Carolyn S. Ostby
                                    United States Magistrate Judge